IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DARIEN HOUSER, | ) | Civil Action No. 2: 16-cv-1039 |
|---|---|---|
| Plaintiff, | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| WETZEL, et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are the following motions:

1. Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (ECF No. 48) filed by Defendant Diamond Pharmacy Services;

2. Motion to Dismiss For Failure to State a Claim (ECF No. 49) filed by Defendant Allegheny General Hospital; and

3. Motion for More Definite Statement filed by Defendants Demaske, Patrick Felice, Louis S. Folino, George, Gilmore, Nedra Grego, Anthony Gumbarevic, Jenkins, Longstreth, John McAnany, Santoya, Tennant, Dorina Varner, Irma Vihlidal, Watson, Wetzel, and Widenor Harper (collectively referred to as the "DOC Defendants") (ECF No. 51).

For the reasons that follow, the motion for more definite statement will be granted and Plaintiff will be given the opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. The motions to dismiss will be dismissed without prejudice to renew after the submission of the amended complaint.

1

## Background

Plaintiff, Darien Houser ("Plaintiff" or "Houser") is a *pro se* inmate currently housed at the State Correctional Institution – Greene. The Complaint names approximately 28 defendants, including 21 individuals who are employed either as officials of the Department of Corrections ("DOC"), employees at SCI-Greene, or as employees of America Service Group, Inc. / Corizon, a contractor employed by the DOC to provide health care services to its inmates. Also named as defendants are "Bureau of Health Care Services," "Diamond Pharmacy CEO/Manufacturer of Lotion;" "Allegheny General Hospital CEO / Administration / Staff," and three sets of Jane & Joe Doe defendants, (1) "Jane & John Doe Wexford Health Services / Parenting Companies;" (2) "Jane and John Doe Medical, Corrections, Hospital Staff/ LIABLE PARTIES;" and (3) "Jane and John Doe / Corrections Solutions." The allegations in the Complaint cover a wide variety of incidents which occurred during the time period from July of 2014 through April 6 or 7, 2016.

The first three pages of the complaint are written on the Court's standard complaint form, with the remaining 8 pages being single-spaced typed pages, typed in a font smaller than the required pica font required by our Local Rules.[1]

Houser's complaint is best described as a "kitchen-sink" or "shotgun" complaint. Such complaints are troublesome for many reasons. For one thing, complaints like the instant one unfairly burden defendants and courts. The plaintiff who files such a shotgun complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and

---

[1] Local Civil Rule 5.1(B) requires that "[t]he lettering or typeface . . . shall not be smaller than 12 point word processing font or, if typewritten, shall not be smaller than pica. The text must be double spaced . . . ." "Pica" is a type size for typewriters, providing 10 characters to the inch. American Heritage Dictionary of the English Language, 4th edition. The type size used in the instant complaint is small than pica as it provides approximately 15 characters to the inch.

determining which of those claims might have legal support. This is not the job of either a defendant or the Court.

It is important to note that a "kitchen-sink" or "shotgun" complaint also harms the plaintiff who brings it. In most cases, a genuine dispute that supports a viable legal claim underlies a plaintiff's complaint. But this genuine dispute becomes almost impossible to discern when it is buried in pages of various allegations, some of which may not rise to the level of a viable claim.

The instant complaint contains many unrelated claims that do not arise out of the same transaction or occurrence. It begins with a paragraph entitled "Lotion" in which Houser alleges he was given LUBRISKIN lotion, which is sold by Diamond Pharmacy. The complaint contends that Diamond Pharmacy is liable for purchasing and issuing a product that is known to cause cancer. The complaint further states that the DOC Defendants gave Houser the lotion, even though the lotion can cause cancer. The complaint does not state that Houser actually contracted cancer as a result of using LUBRISKIN or that he sustained any other type of physical injury stemming from the use of LUBRISKIN.

The complaint then asserts a wide range of various allegations against various defendants including, but not limited to the following: Houser has been the victim of retaliation; various DOC employees have issued frivolous misconduct reports and harassed him; in 2014, he was denied appropriate medical care; while hospitalized at Allegheny Hospital in September in 2014, he was subjected to a wide variety of "unprofessional [staff] behavior and conduct," including lack of medical care, and unsanitary conditions such as an overflowing "urinal that spilled over to floors due to sexual activity among nurses and correction staff"; while being transported to the hospital in 2014, corrections officials continued to use the "black

box and restraints; on November 4, 2014, corrections officers tampered with his religious mail; on June 17, 2015, corrections officers tampered with his legal mail; in December of 2015, corrections officers destroyed his legal material during a cell search; on August 26, 2015, he was subjected to an improper strip search; corrections officials have refused to return his various health care items; and in April of 2016, his flat-screen television was seized and SCI-Greene officers have either sold or retained the television for their own personal use. With respect to the numerous supervisory Defendants, he alleges that they failed to take any action to prevent the various wrongdoings.

Defendant Diamond Pharmacy filed a motion to dismiss arguing that a "fear of cancer" claim is not a valid cause of action. ([ECF No. 47](#)). Allegheny General Hospital filed a motion to dismiss arguing that the complaint only states factual allegations and fails to set forth any legal allegations against it or its administration or medical staff or, in the alternative, that the claims of the complaint are so vague and ambiguous that it cannot reasonably be required to frame a responsive pleading. ([ECF No. 49](#)). And the DOC Defendants filed a motion for more definite statement arguing that the complaint violates a number of the Federal Rules of Civil Procedure. ([ECF No. 51](#)).

## Discussion

After deliberate and careful review of the complaint and the motions filed by these defendants, the Court finds that the instant complaint not only is written in such a fashion as to make it difficult for the defendants to frame a responsive pleading, but also fails to comply with Rules 8, 11, and 20 of the Federal Rules of Civil Procedure.

First, the complaint violates Rule 8(a)(2) which requires that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Additionally, each allegation must be "simple, concise and direct." *Id.* at 8(d)(1). "Taken together," Rules 8(a) and (d)(1), "underscore the emphasis placed on clarity and brevity by the federal pleadings rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). It is the plaintiff's burden under Rule 8 to reasonably investigate his claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them. Here, for example, the complaint does not state when Houser was issued the LUBRISKIN or the date Nurse Watson issued the allegedly frivolous misconduct report(s), or the dates of the other times Nurse Watson engaged in "harassment and retaliatory behavior." Also, it is not clear from the complaint what type of claim Houser is attempting to assert against Allegheny General Hospital.

Next, as required by Rule 11(b)(2), Houser's claims and legal contentions must not be frivolous. It appears that Houser is attempting to set forth a fear of cancer claim. Pennsylvania law is clear, however, that a fear of contracting cancer or other diseases is not a valid cause of action.

And most importantly, the complaint is in violation of the rules of joinder as set forth in Federal Rule of Civil Procedure 20. Rule 20(a)(2) defines the limits of defendants that can be joined to a single action. That rule specifies:

> (2) Defendants. Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against the jointly, severally, or in the **alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and**
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

5

Fed.R.Civ.P.20(a)(2) (emphasis added). Though the requirements of Rule 20(a) are to be liberally construed in the interests of convenience and judicial economy, "the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Salley v. Wetzel,* 2013 WL 3157558, at *3 (M.D.Pa. June 20, 2013), *aff'd sub nom. Salley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77 (3d Cir. 2014) (citing *Pruden v. SCI Camp Hill,* 252 F. App'x 436 (3d Cir. 2007)). The complaint fails to proffer sufficient factual allegations supporting the contention that the various actions and events complained of constitute a single unified transaction or occurrence. Instead, Houser's complaint identifies a series of discrete events which, perhaps, give rise to discrete cases. See *Pruden v. SCI Camp Hill,* 252 F. App'x at 438. As such, Houser will be given an opportunity to choose the related claim(s) on which he will proceed in this lawsuit. The other claims, if he chooses to pursue, should be filed in separate lawsuits.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA") compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing requirements of the PLRA. *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D.Pa. May 30, 2007). *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees.").

For all these reasons, Houser will be granted until **March 7, 2017**, to file an amended complaint which satisfies the Federal Rules of Civil Procedure 8, 11, and 20. He is advised that

the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Houser is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint.

Again, to the extent that Houser believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file separate complaints addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 185 (M.D.Pa. 1992).

## ORDER OF COURT

**AND NOW** this 1st day of February, 2017, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Diamond Pharmacy Services (ECF No. 48) is **DENIED WITHOUT PREJUDICE**.

2. The motion to dismiss filed by Allegheny General Hospital (ECF No. 49) is **DENIED WITHOUT PREJUDICE**.

3. The motion for more definite statement filed by the DOC Defendants (ECF No. 51) is **GRANTED.**

4. Plaintiff's complaint will be dismissed without prejudice for failure to comply with Federal Rules of Civil Procedure 8, 11, and 20 on **March 7, 2017**. If Plaintiff desires to continue to litigate his claims in federal court, he must by **March 7, 2017,** file an amended complaint that complies with the directives set forth above. The amended complaint should be a stand-alone document without reference to any other document filed in this case. *See* Fed. R. Civ. P. 8. The amended complaint, if typed, must be in conformance with Local Rule of Civil Procedure 5.1. Finally, the amended complaint must not be so vague or ambiguous that defendants cannot reasonably prepare a response.

/s Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc:    DARIEN HOUSER  
GL-7509  
SCI Greene  
175 Progress Drive  
Waynesburg, PA 15370

John P. Senich , Jr.  
PA Office of Attorney General

Samuel H. Foreman  
Tiffany Temas  
Weber Gallagher Simpson Stapleton Fires & Newby

John V. DeMarco  
Law Offices of John V. DeMarco

Erica Kelly  
Gordon & Rees LLP