IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, <br><br> Plaintiff, <br><br> v. <br><br> WETZEL, et al, <br><br> Defendants. | Civil Action No. 2: 16-cv-1039 <br><br> United States District Judge <br> Arthur J. Schwab <br><br><br> United States Magistrate Judge <br> Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the following motions be granted: (1) the Motion to Dismiss, Or In the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e) filed by Defendant America Service Group, Inc. (ECF No. 65); (2) the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) filed by Defendant Diamond Pharmacy Services (ECF No. 67); and (3) the Motion to Dismiss Plaintiff's Amended Complaint Against Defendant, Allegheny General Hospital (ECF No. 69). It is further recommended that Plaintiff not be granted leave to further amend as it would be futile.

**II. REPORT**

Plaintiff, Darien Houser ("Plaintiff" or "Houser") is a *pro se* inmate currently housed at the State Correctional Institution – Greene. On March 8, 2017, Houser filed an Amended Complaint in which he named thirty-three defendants.[1] The allegations in the Amended

---

[1] The Court recognizes that currently pending is a motion by Houser for leave to file a supplemental complaint and/or add new defendants and claims. (ECF No. 82). However, that motion does not indicate that Plaintiff desires to amend or supplement the claims against the moving three defendants. Therefore, it is appropriate to resolve the instant motions to dismiss while that motion remains pending.

1

Complaint cover a wide variety of incidents which occurred during the time period from July of 2014 through April 7, 2016.

## B. Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately

2

prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

**C.     Discussion**

1.     *America Service Group, Inc. and Diamond Pharmacy*

The claims against America Service Group, Inc., and Diamond Pharmacy seem to be centered around Plaintiff's allegations that these defendants were negligent for knowingly manufacturing, distributing, purchasing, selling and issuing to Plaintiff products, such as lotion and shampoo, that are known to cause cancer. Also, Plaintiff claims that America Service Group, Inc. is "supervisory liable" for the actions or inactions of their employees. Specifically, the references in the Amended Complaint to these defendants are as follows:

> Paragraph 4 – "In July of 2014, Plaintiff made complaints of chronic stomach pain . . . Plaintiff requested for imaging testing, pain medication and to be placed in the hospital, but was denied . . . .Defendant . . . America Service Group, Inc. are supervisory liable for their employees inactions and Plaintiff's pain, suffering and injuries that derived from their unreasonable and unnecessary delays."

> Paragraph 23 – "Defendants Diamond Pharmacy/ John Doe CEO, America Service Group, Inc., . . . manufacturers of Lubriskin Lotion and Rugby Anti Dandruff Shampoo, are knowingly manufacturing, distributing, purchasing, selling, and have issued Plaintiff, such products that are known to cause cancer. ("This is a future harm claim/ Deliberate Indifference claim)."

> Paragraph 25 – "Defendants America Service Group, Inc. . . . are liable for their employees actions. ("IT DOES NOT TAKE A ROCKET SCIENTIST, TO KNOW THAT THE PURCHASING OF SUCH PRODUCTS IS ABOUT COST. THERE IS NO OTHER REASON WHY ANYONE WOULD PURCHASE, MANUFACTURE, ISSUE OR SELL SUCH PRODUCTS.").

There are a number of glaring problems with the claims that Plaintiff is attempting to assert against these two defendants. First, the Amended Complaint fails to allege how America Service Group, Inc., had anything to do with the provision of any goods or services he received during the years relevant to this lawsuit. Further, the Amended Complaint contains no

3

specificity with respect to the relationship of America Service Group to his claims about the lotion and the shampoo.[2]

Next, in the caption of the Amended Complaint Plaintiff incorrectly names defendant America Service Group, Inc. as "AMERICA SERVICE GROUP, INC. / CORIZON." [3] It appears, however, that Plaintiff, in naming America Service Group, Inc., has named a company which was dissolved in 2011, well before the events alleged in this lawsuit occurred. The Court takes judicial notice that on June 3, 2011, America Service Group, Inc., and Valitas Health Services were formally merged with the combined company to begin operating under a new name, Corizon. *See* http://www.corizonhealth.com/Corizon-News/Corizon-Launches-From-Correctional-Healthcare-Merger1/P20.[4]

Third, in each paragraph of the Amended Complaint that refers to America Service Group, Inc., there are also references to Wexford Health Sources and Correct Care Solutions. The Amended Complaint fails to allege any connection between America Service Group and Wexford Health Sources and/or Correct Care Solutions.

And the most critical problem to which Plaintiff is not able to overcome is that he is clearly attempting to set forth a fear of cancer claim against America Service Group, Inc., and Diamond Pharmacy for manufacturing, distributing, purchasing, selling and issuing to Plaintiff products, such as lotion and shampoo, that are allegedly known to cause cancer. However, the

---

[2] In his Response, Plaintiff states that America Service Group, Inc. "through its subsidiary secure (Pharmacy) in this case DIAMOND PHARMACY) is a distributor of Pharmaceuticals and medical supplies. The company (ASG) is a LEADING NON-Govermental provider and or Administrator of Correctional health care services in the United States." Resp. at 1-2.

[3] Corizon was not named as a defendant in either the original or Amended Complaint.

[4] See also http://www.businesswire.com/news/home/20110603005964/en/America-Service-Group-Announces-Completion-Merger ("With the closing of the Merger, the Company's common stock will cease to trade on NASDAD and will be delisted.").

Amended Complaint does not set forth any allegations that Houser has contracted cancer as a result of his exposure to LUBRISKIN, or any other lotion or shampoo. As has been previously explained to Houser, Pennsylvania law is quite clear that a fear of contracting cancer is not a valid cause of action. *See Simmons v. Pacor, Inc.*, 674 A.2d 232 (Pa. 1996); *Klein v. Wisberg*, 694 A.2d 644 (Pa. Super. 1997); *Lubowitz v. Albert Einstein Medical Center,* 623 A.2d 3 (Pa. Super. 1992). *See also* ECF No. 53, Memorandum Opinion and Order, 02/01/2017, at 5 ("Next, as required by Rule 11(b)(2), Houser's claims and legal conclusions must not be frivolous. It appears that Houser is attempting to set forth a fear of cancer claim. Pennsylvania law is clear, however, that a fear of contracting cancer or other diseases is not a valid cause of action.").

For all these reasons, it is respectfully recommended that the motions to dismiss filed by America Service Group, Inc., and Diamond Pharmacy be granted. It is further recommended that Plaintiff not be granted leave to further amend as it would be futile.

2. *Allegheny General Hospital*

Defendant argues that Houser's Amended Complaint, fairly construed, articulates a supplemental state law claim of professional medical negligence against Allegheny General Hospital and unidentified hospital staff. Defendant argues that these claims should be dismissed because Houser has failed to comply with Pennsylvania Rule of Civil Procedure 1042.3(a). Plaintiff's failure to comply with Rule 1042.3 is a bar to his claims against Allegheny General Hospital and its hospital staff. Houser does not dispute that his claims against Allegheny General Hospital and its hospital staff are medical professional negligence claims.

Pennsylvania law requires that a Certificate of Merit ("COM") accompany a claim for professional liability brought against designated licensed professionals, including health care providers. *See* Pa.R.Civ.P. 1042.3 and 1042.1(b). Additionally, a separate certificate of merit

5

must be filed as to each licensed professional against whom a claim is asserted. Pa.R.Civ.P. 1042.3(b)(1). The United States Court of Appeals for the Third Circuit has held that Rule 1042.3 is a matter of substantive law under the *Erie* doctrine and must be applied as such by federal courts. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258-264-65 (3d Cir. 2011).

Defendant first raised this argument on January 30, 2017, in its motion to dismiss the original complaint. (ECF No. 50). Plaintiff has never requested an extension of time in which to file a COM. As the time for filing an appropriate COM has long passed, the motion to dismiss should be granted for failure to comply with Rule 1042.3.[5]

### III. CONCLUSION

For the reasons discussed above, it is respectfully submitted that the following motions be granted: the Motion to Dismiss, Or In the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e) filed by Defendant America Service Group, Inc. (ECF No. 65); the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) filed by Defendant Diamond Pharmacy Services (ECF No. 67); and the Motion to Dismiss Plaintiff's Amended Complaint Against Defendant, Allegheny General Hospital (ECF No. 69).

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Houser, because he is a non-electronically registered party, may file objections to this Report and Recommendation by June 16 2017, and

---

[5] While Plaintiff's failure to comply with Rule 1042.3 requires dismissal of this malpractice claim, the sanction imposed under state law for violation of this rule, entry of a non pros by the prothonotary, has no precise analogue in the federal courts. Courts have stated that the federal equivalent of such a procedure is a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Rogan v. County of Lawrence*, No. 12-1375, 2013 WL 4511316, at *5 (W.D. Pa. Aug. 23, 2013) (citing *Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008)).

Defendants, because they are electronically registered parties, may file objections by June 13, 2017. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: May 26, 2017

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: DARIEN HOUSER
GL-7509
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

John P. Senich , Jr.
PA Office of Attorney General
(via ECF electronic notification)

Samuel H. Foreman
Tiffany Temas
Weber Gallagher Simpson Stapleton Fires & Newby
(via ECF electronic notification)

John V. DeMarco
Law Offices of John V. DeMarco
(via ECF electronic notification)

Erica Kelly
Gordon & Rees LLP
(via ECF electronic notification)

John J. Hatzell, Jr.
AIG Staff Counsel
(via ECF electronic notification)