# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
|        Plaintiff, | ) 16-cv-1039 )  ) **ELECTRONICALLY FILED** |
| v. | ) ) |
| WETZEL, et al., | ) ) |
|        Defendants. | ) |

## MEMORANDUM ORDER DISMISSING *SUA SPONTE* DEFENDANTS MAJOR PHARMACEUTICALS AND RUGBY LABORATORIES

On March 8, 2017, Plaintiff filed an Amended Complaint in which the following two defendants were named: "manufactures (sic) of Lubrisoft LOTION/ MAJOR PHARMACEUTICAL" and "Manufacture of Rugby anti dandruff shampoo / Rugby Laboratories." (Doc. No. 56.) These defendants promptly filed a Motion to Dismiss (Doc. No. 99) contending that any claims against them should be dismissed because (i) Plaintiff has suffered no injury-in-fact and his "future harm" claim is insufficient to establish standing and (ii) a "fear of contracting claim" is not a valid claim under Pennsylvania law.[1]

Defendants' arguments are well taken. As such, the Court will not order a response to the motion to dismiss, but rather will dismiss Major Pharmaceuticals and Rugby Laboratories *sua sponte* pursuant to the authority granted courts by 28 U.S.C.§§ 1915(e)(2) and 1915A.

Houser is a state prisoner who has been granted leave to proceed in this case *in forma pauperis* ("IFP") by Order of the Court. (Doc. No. 8.) This Court has a statutory responsibility,

---

[1] In their motion to dismiss, Defendants explain that both Major Pharmaceuticals and Rugby Laboratories are names under which The Harvard Drug Group, L.L.C. operates.

1

given that IFP status and the fact that Houser is a prisoner, to review the Amended Complaint to determine if it states a valid claim for relief.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(a).

Moreover, not only is a court permitted to *sua sponte* dismiss a complaint but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e)(2); *see also* 28 U.S.C. § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim . . . .").  In performing a court's mandated function of *sua sponte* reviewing complaints under 28 U.S.C. §§ 1915(e) and 1915A, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See, e.g., Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

As has been explained to Houser on two prior occasions, (Doc. No. 53, Doc. No. 92), Pennsylvania law is quite clear that a fear of contracting cancer is not a valid cause of action. The Amended Complaint is void of any allegations that Houser has contracted cancer as a result of his exposure to LUBRISKIN, or any other lotion or shampoo.  As such, the allegations in the

Amended Complaint do not rise "above the speculative" level. Under the pleadings requirements of *Twombly* and *Iqbal*, Plaintiff's claims against Major Pharmaceuticals and Rugby Laboratories will be dismissed.

So **ORDERED** this 6th day of July, 2017.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: DARIEN HOUSER
 GL-7509
 SCI Greene
 175 Progress Drive
 Waynesburg, PA 15370
 (via U.S. First Class Mail)

 all counsel of record
 (via ECF electronic notification)