IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIEN HOUSER, | ) | |
| | ) | Civil Action No. 2: 16-cv-1039 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Arthur J. Schwab |
| | ) | |
| MR. WETZEL, Secretary of Pennsylvania | ) | United States Magistrate Judge |
| state prisons, et al., | ) | Cynthia Reed Eddy |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

Before the Court is the Motion to Dismiss the Amended Complaint filed by the DOC Defendants. (ECF No. 96).

After careful consideration of the parties' submissions, in light of the standards governing motions to dismiss set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009), and as articulated in United States Court of Appeals Third Circuit precedent, *see, e.g., Connelly v. Lane Const. Corp.,* 809 F.3d 780, 790 (3d Cir. 2016), and for the following reasons, it is respectfully submitted that the motion be granted in part and denied in part.

**II.  REPORT**

   A.  <u>Background</u>

Plaintiff Darien Houser ("Plaintiff" or "Houser") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at the State Correctional Institution at Greene ("SCI-Greene"). On or about July 14, 2016, Plaintiff submitted a civil

rights complaint accompanied by a motion to proceed *in forma pauperis*. After some intervening proceedings regarding the payment of the filing fee, the motion was granted and the Complaint duly filed on August 24, 2016. (ECF No. 11). Thereafter, the DOC Defendants filed a Motion for More Definite Statement which was granted and Plaintiff was ordered to file an Amended Complaint. (ECF No. 53). Plaintiff filed his Amended Complaint on March 8, 2017 (ECF No. 56), which remains his operative pleading.

The allegations in the Amended Complaint cover a wide variety of incidents which occurred during the time period from July of 2014 until April of 2016. The claims of the Amended Complaint are not stated in separate counts; rather the Amended Complaint is comprised of twenty-eight (28) numbered paragraphs. For the most part, each paragraph is limited to a single set of circumstances.

Presently pending is the DOC Defendants' motion to dismiss contending that the Amended Complaint should be dismissed for failure to state a claim. Plaintiff has responded in opposition (ECF Nos. 116 and 119), and the matter is ripe for disposition.

For purposes of resolving the pending motions, the following facts are as alleged in the amended complaint, viewed in the light most favorable to Plaintiff, and liberally construed. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

B.  Discussion

The DOC Defendants move to dismiss the Amended Complaint on multiple bases. This report and recommendation will discuss only the claims brought against the DOC Defendants.

2

a. *Lack of Personal Involvement*

It appears that Plaintiff's claims against Defendants Wetzel, Gilmore, Folino, and Varner are based on their supervisory roles and/or their roles in reviewing Plaintiff's administrative appeals of grievances. For example, in Paragraphs 3, 4, 7, 14, 15, 19, and 21 of the Amended Complaint Plaintiff states that Defendants Wetzel, Gilmore, Folino, and/or Varner "acquiesced" in the "defendants' actions" and are "supervisory liable" for their employees' actions.

It is clear that liability may not be imposed under § 1983 on the traditional standards of respondeat superior. *Capone v. Marinelli*, 868 F.2d 102, 106 (3d Cir. 1989). "Supervisory personnel are liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." *Id*. at 106 n.7.

Under § 1983, there are only two avenues for supervisor liability. First, if the supervisor "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm[,]" *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (citations omitted), *rev'd sub nom on other grounds by Taylor v. Barkes,* -- U.S. ---, 135 S. Ct. 2042 (2015), or, second, if the supervisor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. (citations and quotation marks omitted).

Even under the liberal standard of interpretation for *pro se* pleadings, the Court discerns no allegations in the amended complaint that Defendants Wetzel, Gilmore, Folino, and/or Varner had personal involvement in any conduct which allegedly violated Plaintiff's constitutional rights.

3

Furthermore, to the extent Plaintiff is raising separate supervisory liability claims against Defendants Wetzel, Gilmore, Folino, and Varner that rest on the premise that these officials did not after-the-fact act favorably upon his grievance(s), such a claim fails. An inmate cannot sustain a constitutional tort claim against prison supervisors based solely upon assertions that officials fail to adequately investigate or respond to past grievances. Inmates do not have a constitutional right to a prison grievance system. Consequently, dissatisfaction with a response to an inmate's grievances does not support a constitutional claim. *See Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (failure to take corrective action when grievances or investigations were referred to official is not a basis for § 1983 liability); *Cole v. Sobina*, No. 04-0099, 2007 WL 4460617, at *5 (W.D.Pa. Dec. 19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern.").

To the extent that Plaintiff is seeking to bring separate deliberate indifference claims against these non-medical prison officials, he has not alleged a valid claim of deliberate indifference. If a prisoner is receiving medical treatment, a non-medical prison official must have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating)" the prisoner in order to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). The Amended Complaint fails to establish a plausible claim of deliberate indifference against these non-medical defendants.

Accordingly, it is recommended that all claims against Defendants Wetzel, Gilmore, Folino, and Varner be dismissed. Further, because Plaintiff was informed that his original complaint was deficient, and was given an opportunity to amend, it is recommended that Plaintiff not be provided with further leave to amend. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

b.  Section 1983 claims on the merits

The Court now turns to the merits of Houser's § 1983 claims against the remaining DOC Defendants.

Eighth Amendment Claims

The Eighth Amendment protects prisoners from the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. To prevail on any Eighth Amendment claim, a prisoner must show: (1) a deprivation that is objectively sufficiently serious; and (2) "a sufficiently culpable state of mind" of the defendant official. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

1.  *Paragraphs 1 - 3, inclusive; Claims Against Watson, Tennant, Grego, McAnany, and Vihlidal.*

In Paragraphs 1 - 3 of the Amended Complaint, Plaintiff states that Defendant Nurse Watson issued a false misconduct against him, that Defendant C/O Tennant "acquiesce[d] in the falsehood" by being listed as a witness to the misconduct, and that DOC Defendants Grego, Folino, and Gilmore "acquiesced in Watson's actions" by refusing to place a "protection against abuse / stay order" and failed to protect him against Watson's actions.

A rule 12(b)(6) motion tests the sufficiency of the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As with his original complaint, despite the Court's admonition that his claims needed to identify the person and dates on which the conduct at issue occurred, Plaintiff has again failed to

do so.[1] He has lumped Watson, Tennant, Grego, McAnany, and Vihlidal together in bald, conclusory allegations that offer no specifics and no dates. For example, the Amended Complaint states that "[p]rior to the actions of defendant Watson in items number 1 and 2, defendant Watson continuously harassed Plaintiff and made threats due to his grievances filed against her . . . . Plaintiff made request to defendants . . . but they refused and acquiesce Watson's actions. . . ."

The allegations against Watson, Tennant, Grego, McAnany, and Vihlidal set forth in Paragraphs 1, 2, and 3 of the Amended Complaint do not include sufficient factual information to provide the grounds on which Plaintiff's claims rest nor do they raise a right above a speculative level. *Twombly,* 550 U.S. at 555-56, n.3. Having determined that Plaintiff has failed, once again, to meet the *Twombly* requirements to survive a motion to dismiss, the Court recommends that the allegations contained in Paragraphs 1 - 3, inclusive, be dismissed and leave to amend be denied as further amendment is not justified.

    2.    *Paragraph 6; Claims Against John Doe Corrections Staff, McAnany, and Grego.*

The allegations in Paragraph 6 suffer from the same infirmities as the claims in Paragraphs 1-3. Plaintiff alleges that he was "deceived, lied to and told that he had to be placed in the infirmary in order to be placed in the hospital. But instead was placed in a Psychiatric Ward." He alleges that he made "objections" not to be placed in such a cell, but McAnany and Grego placed him in the cell without regard to his objections. Once in the psychiatric ward, the staff ignored the emergency call buttons, the psychiatric patients "screamed, yelled and banged

---

[1] The Court notes that while a plaintiff proceeding *pro se* is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89 (2007), nothing in the lenience accorded a *pro se* filing excuses a plaintiff from complying with the threshold requirements of the Federal Rules of Civil Procedure.

on walls all day long," and the cells and area "stunk with a stench of feces and urine that was smeared on the walls."

While he states that McAnany and Grego placed him in the psychiatric ward despite his objections, Paragraph 6 contains no reference to when this occurred other than "during the course of Plaintiff's pain and suffering," who "deceived or lied to him," or how or why his placement in the psychiatric ward violated his constitutional rights. The allegations set forth in Paragraph 6 of the Amended Complaint do not include sufficient factual information to provide the grounds on which Plaintiff's claims rest nor do they raise a right above a speculative level. *Twombly,* 550 U.S. at 555-56, n.3. The Court recommends that the allegations contained in Paragraph 6 be dismissed and leave to amend be denied as further amendment is not justified.

3.  *Paragraphs 8, 9, and 21; Claims Against DOC Defendants Based On Their Refusal to Use Alternative Restraints / Excessive Force.*

Plaintiff alleges that on September 26, 2014, while being transported to the hospital DOC Defendants Jenkins, Grego, McAnany, and Vihlidal refused to order alternative restraints instead using the black box and chains, which triggered a "reaction" that lasted for several days. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). When reviewing Eighth Amendment excessive force claims, the Court must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7.

Whether the force applied was excessive requires the examination of several factors outlined by the United States Supreme Court in *Whitley v. Albers*, 475 U.S. 312, 321 (1986), including: (1) the need for the application of force; (2) the relationship between the need and the

7

amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *See also Hope v. Pelzer,* 536 U.S. 730 (2002); *Young v. Martin,* 801 F.3d 172 (3d Cir. 2015).

At this early stage of the litigation, the Court is not able to examine any of these factors. Therefore, the Court recommends that this claim not be dismissed but rather proceed to discovery.

4. *Paragraph 10; Claims against "Jane and John Doe Corrections staff" Based on Conditions While Hospitalized at Allegheny General Hospital.*

In Paragraph 10 of the Amended Complaint, Plaintiff states although he was in the hospital's "INTENSIVE CARE UNIT, " "Jane and John Doe corrections staff subjected him to a party like atmosphere, the use of cell phone ringing, email notification ring tones, use of tablet and lab tops, television volume control wars and subjected to E-cigarette smoke, vapor, and fumes." The claims of Paragraph 10 fail to show an entitlement to relief under § 1983.

Because these allegations continue to fail to comply with Rule 8, it is recommended that the claims brought in Paragraph 10 of the Amended Complaint be dismissed for failure to state a claim without further leave to amend.

5. *Paragraphs 3, 12 - 14, and 16; Claims Against Watson, John Doe Officer (Gun), Gumbarevic, and John and Jane Doe Officers Based On Alleged Threats and Harassment.*

Throughout the Amended Complaint, Plaintiff alleges that various DOC Defendants made verbal threats and harassed him. Assuming these claims are true, it is well settled that mere words and verbal harassment - no matter how abusive - do not violate a prisoner's Eighth

Amendment rights. *See Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) ("It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment."). The Amended Complaint contains no allegation that any physical conduct occurred. Accordingly, it is recommended that Plaintiff's claims of threats and harassment be dismissed with prejudice as the DOC Defendants' alleged conduct is not objectively sufficiently serious conduct that rises to the level of an Eighth Amendment violation. It is further recommended that leave to amend be denied.

    6. *Paragraph 22; Claims Against DOC Defendants Vihlidal, Grego, and McAnany For Deliberate Indifference to Medical Needs*

In Paragraph 22, Plaintiff alleges that DOC Defendants Vihlidal, Grego, and McAnany were deliberate indifferent to his serious medical needs. For example, he states that these DOC Defendants, along with the Medical Defendants, have refused to provide him with certain health care devices and medical tests, and have refused to remove a cyst from his left wrist, all of which left him in pain for numerous years. There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. *United States ex rel. Walker v. Fayette County*, 599 F.2d 533, 575 n.2 (3d Cir. 1979). "Mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. *White v. Napoleon*, 987 F.2d 103, 110 (3d Cir. 1990).

Plaintiff was provided the opportunity to file an amended complaint which would comport with the Federal Rules of Civil Procedure. The assertions in Paragraph 22 virtually mirror those in the original complaint (Paragraph 19). As the Court reads Paragraph 22 of the Amended Complaint, it appears that the nature of Plaintiff's claim is one expressing frustration

with the type of medical treatment provided. The Court does not question that Plaintiff perceives that he is not receiving adequate treatment; however, Paragraph 22 of the Amended Complaint does not support a claim for deliberate indifference to a serious medical need, as is required in this context to be able to pursue a claim for violation of the Eighth Amendment. Therefore, it is recommended that the claims of deliberate indifference against these DOC Defendants be dismissed and leave to amend be denied.

First Amendment

Several of Plaintiff's allegations invoke the protections of the First Amendment, which provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom on speech, or of the press; or the right of the people peaceably to assemble, and to petition to Government for a redress of grievances.

U.S. Const. Amend. 1.

1. *Access to Court - Paragraph 15*

In Paragraph 15 of the Amended Complaint, Plaintiff is alleging that certain DOC Defendants violated his right of access to courts by censoring his mail in an "attempt to block and or deter Plaintiff from being involved in a civil rights law suit that was being considered by the native American community on L-block." In *Christopher v. Harbury*, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: (i) a non-frivolous, underlying claim; (ii) the official acts frustrating the litigation; and (iii) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher*, 536 U.S. at 415.

The Court explained that the first requirement mandates that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. *Christopher,* 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." *Id*. The second requirement requires a plaintiff to clearly allege in the complaint the official acts that frustrated the underlying litigation. And the third requirement requires that a plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. *Id*. at 414.

It is clear from reviewing Plaintiff's Amended Complaint that he has failed to allege a viable claim for denial of access to the courts. Specifically, the Amended Complaint contains no factual allegations that evidence that the "civil rights law suit that was being considered" was anything "more than a hope." *Id.* at 417. Accordingly, it is recommended that Plaintiff's denial of access to court claim be dismissed without further leave to amend.

### 2. *Retaliation claims- Paragraphs 17, 18, and 20*

Plaintiff also claims that certain DOC Defendants[2] have retaliated against him by: destroying his legal materials (Paragraphs 17 and 18), destroying his cell (Paragraph 18), and taking from him his needed carpal tunnel braces, back brace, and wheelchair (Paragraph 20). These claims invoke the protections of the First Amendment.

---

[2] Named in Paragraph 17 the following DOC Defendants: Sgt. Demaske, Sgt. George, and John Doe Corrections officer; in Paragraph 18 the following DOC Defendants are named: Demaske, Widenor, and John Doe Lieutenant; and in Paragraph 20, Lt. Santoya is named.

To state a claim for retaliation, a prisoner must allege that: (i) he was engaged in constitutionally protected conduct, (ii) he suffered some adverse action at the hands of prison officials, and (iii) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to take that action." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (citation omitted). Plaintiff claims that the actions of these DOC Defendants were in retaliation for him filing grievances and lawsuits. A prisoner's ability to file grievances and lawsuits against prison officials is a protected activity for purposes of a retaliation claim.

The Court has carefully reviewed Plaintiff's allegations of retaliation and finds that while the Amended Complaint has few facts, the allegations are enough to create a plausible retaliation claim and survive a motion to dismiss challenge. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to a First Amendment retaliation claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

<u>Television</u>

Paragraph 26 of the Amended Complaint reads as follows:

> On or about 4/7/16, Plaintiff discovered that several correction officers had been arrested for the taking, selling and or using prisoners personal property for person pleasure or gain. When Plaintif's tried to send his television home, he was told by corrections staff that I could not send my television home and had to ship or destroy it, but would not allow me to destroy or witness the destruction of my property.

As with the allegations concerning his television in the original complaint, the Amended Complaint is anything but clear. The factual allegations of this paragraph continue to be so vague that the DOC Defendants cannot reasonably be required to frame a responsive pleading. Because these allegations continue to fail to comply with Rule 8, it is recommended that the

claims brought in Paragraph 26 of the Amended Complaint be dismissed without further leave to amend.

New Allegations / Claims

In its Order of February 1, 2017, the Court ordered Plaintiff to file an amended complaint and specifically ordered Plaintiff to not include new allegations that were not set forth in the original complaint. Contrary to the Court's instructions, Plaintiff included three new allegations / claims in the Amended Complaint, none of which are related to each other or to the claims in the original complaint. For example, in Paragraph 27, Plaintiff alleges that the DOC Defendants "refuse to PROVIDE Plaintiff a job as other prisoners due to the exercising of grievances, lawsuits and because I am disable;" in Paragraphs 5 and 28, Plaintiff alleges that the water at SCI-Greene is the cause of his medical issues; and in Paragraph 29, it appears that Plaintiff is alleging that because SCI-Greene is non-compliant with FCC broadcasting regulations "he is forced to buy / purchase cable in order to use / watch his television."

Plaintiff was specifically advised that the "[i]nclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court . . . ." (ECF No. 53). Because Plaintiff has failed to comply with the directives of the Court's Order of February 1, 2017, it is recommended that the new claims raised in Paragraphs 5, 27, 28, and 29 be dismissed without further leave to amend.

### III. CONCLUSION

For all the above reasons, it is respectfully recommended that the motion to dismiss filed by the DOC Defendants be granted in part and denied in part. It is recommended that the motion be granted as follows:

1. Defendants Wetzel, Gilmore, Folino, and Varner should be dismissed for lack of personal involvement without further leave to amend;

2. The allegations contained in paragraphs 1 - 3, inclusive, against DOC Defendants Watson, Tennant, Grego, McAnany, and Vihlidal should be dismissed for failure to state a claim without further leave to amend;

3. The allegations contained in paragraph 6 against DOC Defendants John Doe Corrections Staff, McAnany, and Grego should be dismissed for failure to state a claim without further leave to amend;

4. The allegations contained in paragraph 10 against DOC Defendants "Jane and John Doe Corrections staff" be dismissed for failure to state a claim without further leave to amend;

5. The allegations contained in Paragraphs 3, 12-14, inclusive, and 16 regarding threats and harassment against DOC Defendants Watson, John Doe Officer (Gun), Gumbarevic, and John and Jane Doe officers be dismissed for failure to state a claim without further leave to amend;

6. The allegations contained in paragraph 15 against DOC Defendants Jane and John Doe Civilian mailroom worker, Mailroom Supervisor M. D. Geehring, Felice, and Longstreth alleging denial of access to court be dismissed for failure to state a claim without further leave to amend;

7. The allegations contained in paragraph 22 against DOC Defendants Vihlidal, Grego, and McAnany alleging deliberate indifference to serious medical needs be dismissed for failure to state a claim without further leave to amend;

8. The allegations contained in paragraph 26 against DOC Defendants regarding his television be dismissed for failure to state a claim without further leave to amend; and

9. The allegations contained in paragraphs 5, 27, 28, and 29 be dismissed in their entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure without further leave to amend.

Furthermore, it is recommended that the motion be denied as follows:

1. The allegations contained in paragraphs 8 and 9 alleging excessive force against DOC Defendants Jenkins, Grego, McAnany, and Vihlidal be allowed to proceed to discovery; and

2. The allegations contained in Paragraphs 18, 19, and 20 alleging retaliation by DOC Defendants Sgt. Demaske, Sgt. George, John Doe Corrections officer, Widenor, and John Doe Supervising Lieutenant, and Lt. Santoya be allowed to proceed to discovery.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **September 18, 2017**, and Defendants, because they are electronically registered parties, may file objections by **September 13, 2017**. The parties are cautioned that failure to file Objections within this time frame "will waive the right to appeal." *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: August 30, 2017

                                        s/ Cynthia Reed Eddy
                                        Cynthia Reed Eddy
                                        United States Magistrate Judge

cc: DARIEN HOUSER
GL-7509
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)