IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIEN HOUSER, | ) | 16-cv-1039 |
| | ) | |
| Plaintiff, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| v. | ) | |
| | ) | |
| WETZEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER RE: PLAINTIFF'S OBJECTIONS (DOC. #132) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. #126) AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DOC. #130)**

This prisoner civil rights suit was commenced on July 14, 2016 with the submission of a complaint and a petition to proceed *in forma pauperis* and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. The case was administratively closed pending payment of the initial partial filing fee. Payment of the partial filing fee was received on November 8, 2016, and the case was reopened. (Doc. #20). A delay ensued again during which time the U.S. Marshal was effectuating service on the approximately twenty-five (25) named defendants.

In January of 2017, the DOC Defendants filed a motion for more definite statement. By Order of February 1, 2017, the Magistrate Judge granted the motion for more definite statement and ordered Plaintiff to file an amended complaint which complies with Federal Rules of Civil Procedure 8, 11, and 20 by March 7, 2017. Plaintiff was specifically advised "that the opportunity to file an amended complaint was not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint." (Doc. #53).

On March 8, 2017, Plaintiff's Amended Complaint was filed. (Doc. #56). On June 19, 2017, the DOC Defendants filed a Motion to Dismiss. (Doc. #96). After granting Plaintiff an extension of time in which to respond, Plaintiff responded in opposition. (Doc. #116 and 119). Upon the completion of briefing, the magistrate judge filed a Report and Recommendation ("R&R") recommending that the motion to dismiss be granted in part and denied in part. Plaintiff was advised that his written objections were due by September 18, 2017.

In a motion dated September 8, 2017, and received by the Court on September 13, 2017, Plaintiff moved for leave to file an amended complaint. (Doc. #140). The following week, the Court received Plaintiff's objections to the report and recommendation. (Doc. #132). The Court will first address Plaintiff's objections, then address the pending motion for leave to amend.

1.  Plaintiff's Objections (Doc. #132)

Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

The Court finds that Plaintiff's objections to not undermine the recommendation of the Magistrate Judge. Plaintiff raises several objections, all but one of which requires additional comment. The majority of Plaintiff's objections are nothing more than a restatement of his "legal" conclusions, which were discussed and soundly rejected in the R&R.[1] The Magistrate

---

[1] Plaintiff also states that the "court was terribly mistaken and misconstrued Plaintiff's claim about mail tampering as an access to courts claim, when it should have been construed as a "deliberate indifference claim." The Court denies this objection for two reasons. First, the Court agrees with the magistrate judge that Paragraph 22 of the Amended Complaint raises an access to

Judge thoroughly analyzed each of Plaintiff's claims and found that all but two of Plaintiff's claims against the DOC Defendants should be dismissed without further leave to amend, to wit: a retaliation claim (Paragraphs 17, 18, and 20) and a claim pertaining to the DOC Defendants' refusal to use alternative restraints (Paragraphs 8 and 9).

The Court agrees with the recommendation that the Plaintiff's allegations of retaliation are enough to create a plausible retaliation claim and survive a motion to dismiss challenge.

As to Plaintiff's claim surrounding the DOC Defendants' refusal to use alternative restraints, Plaintiff has raised an interesting point, which after careful consideration requires the Court to reject the recommendation that this claim be allowed to go forward <u>in this litigation</u>. In his objections, Plaintiff argues that:

> the claims against DOC defendants based on their refusal to use alternative restraints/ excessive force . . . <u>is a continuing harm / wrong and this claim is also in Houser II. DOC Defendants, including supervisory defendants are well aware of Plaintiff's life threatening medical condition, is a claim in Houser II. All defendants, including supervisory defendants are aware of this claim and matter, but continue to place restraints on Plaintiff that trigger his life threatening medical condition.</u>

Pl's obj. at 5 ([Doc. #132](#)) (emphasis added). As the parties are aware, *Houser v. PA Department of Corrections,* No. 13-1068 ("*Houser II*"), is a case in this court currently stayed pending the

---

courts claim. The Amended Complaint specifically states that the actions of the DOC Defendants "were conducted in attempt to block and or deter Plaintiff from being involved in a civil rights law suit . . . Defendants were deliberately attempting to stop Plaintiff was communicating with the outside world and get involved in a potential law suit." Amended Complaint, Paragraph 15. Also, in his objections, Plaintiff states that "defendants also removed documents that were contained in letter that came from the courts and or some type of legal authority." But assuming *arguendo* that this is <u>not</u> an access to courts claim, Plaintiff's allegations that his non-legal mail was unjustifiably delayed is devoid of allegations that rise to the level of a constitutional claim. In addition, Houser has failed to allege any injury or prejudice from the alleged interference.

3

conclusion of appeal in a related case, *Houser v. Folino*, C.A. No. 10-416. ("Houser I").[2]

*Houser II* was stayed on May 28, 2015 (Doc. #125) before I was reassigned as the presiding judge in this case. Due to the retirement of a fellow member of this bench, I was assigned the case on September 13, 2016.

After a review of the Second Amended Complaint filed in *Houser II*, (Doc. #72), it is clear to the Court that Plaintiff is correct and that his "refusal to use alternative restraints" claim is raised in *Houser II*. Specifically, the claim in *Houser II* is as follows:

> 29. Defendants . . . are also aware of Plaintiff's serious medical condition, the potential risk of serious harm from pressure, <u>black box and bread ties restraints, . . .</u>
>
> 30. Defendants . . . <u>refuse to establish an alternative restraint despite knowing Plaintiff condition could lead to suffocation and can lead to death</u>.

*Houser II*, Second Amended Complaint. (Doc. #72). *See also* Paragraphs 22 - 31 of the Second Amended Complaint, under the title "Security Restraints / Black Box".

In the instant case, *Houser III,* Plaintiff alleges an almost identical claim, that being: due to numerous defendants "refusal to order the use of alternative restraints due to Plaintiff's life threatening medical condition, he is knowingly and continuously placed in a serious risk of harm and even death." Amended Complaint, ¶ 9 (Doc. #56).

"[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process <u>or merely repeats pending</u> or previously litigated claims." *Davis v. Brocado*, No. 13-1133, 2014 WL 1607359 (D.N.J. April 22, 2014) (emphasis added) (citing *Morris v. United*

---

[2] *Houser I* went to trial before another member of this Court in December of 2015. The only claim that went to trial in *Houser I* was a claim for deliberate indifference to Plaintiff's medical needs under the Eighth Amendment. The jury found that none of Plaintiff's medical conditions amounted to a serious medical need. *See* Verdict, Civil Action No. 10-cv-00416. (Doc. #373). *Houser I* is currently on appeal to the United States Court of Appeals for the Third Circuit, Docket No. 16-2242. The appellate court docket reflects that on August 29, 2017, pro bono counsel was appointed to represent Plaintiff.

*States Dep't of Health and Human Servs.,* No. 13–0950, 2013 WL 3938993, at *2 (D.Del. July 26, 2013) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1409 (D.C.Cir.1981); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *Banks v. Gillie,* 2004 WL 5807334 (E.D.La. Feb.25, 2004); *McGill v. Juanita Kraft Postal Serv*., 2003 WL 21355439, at *2 (N.D.Tex. June 6, 2003)); *see also Shockley v. Hosterman*, No. 07–0497, 2008 WL 141150, at *2 (D.Del. Jan. 12, 2008)).

In this case, it is clear that Plaintiff's claims arising from the DOC Defendants' alleged refusal to use alternative restraints are duplicative of the allegations Plaintiff is pursuing in *Houser II*. Accordingly, the Court will dismiss the claims against the DOC Defendants related to their alleged refusal to use alternative restraints without prejudice because they are duplicative and therefore malicious. Plaintiff can of course continue to pursue this claim in his other civil rights action and seek leave to supplement if desired.[3] *See* Federal Rule of Civil Procedure 15(d).

2. Motion for Leave to File Amended Complaint (Doc. #130)

This request will be denied. As explained *supra,* the only claim remaining against the DOC Defendants in this lawsuit is Plaintiff's retaliation allegations against Sgt. Demask, Sgt. George, John Doe Corrections officer, Widenor, John Doe Supervising Lieutenant, and Lt. Santoya. Therefore, there is no need to amend any claims against the DOC Defendants.

---

[3] Similarly, in Paragraph 22 of the Amended Complaint filed in this case Plaintiff seeks to bring a claim against the DOC Defendants for deliberate indifference to his medical needs. The magistrate judge recommended that the claim be dismissed as it is "expressing frustration with the type of treatment provided," which does not support a claim for deliberate indifferent. In his objections, Plaintiff states that he is "receiving no treatment" and "[t]his also is a continuing harm that is mentioned in *Houser II*." Pl's obj. at 7. (Doc. #132). The Court finds that if Plaintiff is alleging a deliberate indifference to his serious medical needs, this claim is also duplicative and therefore malicious of the claims in *Houser II*. Again, Plaintiff can of course continue to pursue this claim in his other civil rights action and seek to supplement, if desired.

The Medical Defendants have a pending motion to dismiss, which is currently under review by the Court. (Doc. #127). In ruling on that motion, the Court will determine whether Plaintiff should be granted leave to amend his claims against the Medical Defendants. Therefore, the request to file an amended complaint will be denied.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the Court finds that the Report and Recommendation should be adopted, as supplemented herein, as the opinion of the Court. Accordingly, it is **ORDERED** that the DOC Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants Wetzel, Gilmore, Folino, and Varner are dismissed for lack of personal involvement without further leave to amend;

2. The allegations contained in paragraphs 1 - 3, inclusive, against DOC Defendants Watson, Tennant, Grego, McAnany, and Vihlidal are dismissed for failure to state a claim without further leave to amend;

3. The allegations contained in paragraph 6 against DOC Defendants John Doe Corrections Staff, McAnany, and Grego are dismissed for failure to state a claim without further leave to amend;

4. The allegations contained in paragraph 10 against DOC Defendants "Jane and John Doe Corrections staff" are dismissed for failure to state a claim without further leave to amend;

5. The allegations contained in Paragraphs 3, 12-14, inclusive, and 16 regarding threats and harassment against DOC Defendants Watson, John Doe Officer (Gun), Gumbarevic,

and John and Jane Doe officers are dismissed for failure to state a claim without further leave to amend;

6. The allegations contained in paragraph 15 against DOC Defendants Jane and John Doe Civilian mailroom worker, Mailroom Supervisor M. D. Geehring, Felice, and Longstreth alleging denial of access to court are dismissed for failure to state a claim without further leave to amend;

7. The allegations contained in paragraph 22 against DOC Defendants Vihlidal, Grego, and McAnany alleging deliberate indifference to serious medical needs are dismissed for failure to state a claim without further leave to amend;

8. The allegations contained in paragraph 26 against DOC Defendants regarding his television are dismissed for failure to state a claim without further leave to amend;

9. The allegations contained in paragraphs 5, 27, 28, and 29 are dismissed in their entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure without further leave to amend; and

10. The allegations contained in paragraphs 8 and 9 alleging excessive force against DOC Defendants Jenkins, Grego, McAnany, and Vihlidal are dismissed without prejudice because they are duplicative and therefore malicious. Plaintiff can pursue this claim in his other pending civil rights action, *Houser II*.

In sum, the only claim remaining against the DOC Defendants are the retaliation allegations contained in Paragraphs 17, 18, and 20 against DOC Defendants Sgt. Demaske, Sgt. George, John Doe Corrections officer, Widenor, and John Doe Supervising Lieutenant, and Lt. Santoya.

It is further **ORDERED** that the Report and Recommendation ([Doc. #126](Doc. #126)) is **ADOPTED,** as supplemented herein, as the Opinion of the Court.

It is further **ORDERED** that Plaintiff's Motion for Leave to Amend is **DENIED**.

This matter is referred back to Magistrate Judge Eddy for all further pretrial proceedings.

**SO ORDERED** this 10th day of October, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: DARIEN HOUSER
GL-7509
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

all counsel of record
(via ECF electronic notification)