# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, ) | |
| ) | Civil Action No. 2:  16-cv-1039 |
| Plaintiff, ) | |
| ) | United States District Judge |
| v. ) | Arthur J. Schwab |
| ) | |
| MR. WETZEL, Secretary of Pennsylvania ) | United States Magistrate Judge |
| state prisons, et al., ) | Cynthia Reed Eddy |
| ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

Before the Court is the Motion to Dismiss the Amended Complaint filed by Defendants Byunghak Jin., M.D., Min Hi Park, M.D., Elon Mwaura, Pa-C, Renee Clites, and Michael Hice (collectively referred to as the Medical Defendants), with brief in support. (ECF Nos. 127 and 128).  Although Plaintiff was ordered to respond to the motion by October 6, 2017, to date he has not responded and the time for responding has now passed.  Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motion to dismiss to be ripe for resolution.

After careful consideration of the motion, in light of the standards governing motions to dismiss set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S.  662, 668 (2009), and as articulated in United States Court of Appeals Third Circuit precedent, *see, e.g., Connelly v.  Lane Const. Corp.,* 809 F.3d 780, 790 (3d Cir. 2016), and for the following reasons, it is respectfully recommended that the motion be granted and Defendants Jin, Park, Mwaura, Clites, and  Hice be dismissed with prejudice.

## II. REPORT

### A. Background

Plaintiff Darien Houser ("Plaintiff" or "Houser") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at the State Correctional Institution at Greene ("SCI-Greene"). On or about July 14, 2016, Plaintiff submitted a civil rights complaint accompanied by a motion to proceed *in forma pauperis.* After some intervening proceedings regarding the payment of the filing fee, the motion was granted and the Complaint filed on August 24, 2016. (ECF No. 11). Thereafter, the DOC Defendants filed a Motion for More Definite Statement which was granted and Plaintiff was ordered to file an Amended Complaint. (ECF No. 53). Plaintiff filed his Amended Complaint on March 8, 2017 (ECF No. 56), which remains his operative pleading.

The allegations in the Amended Complaint cover a wide variety of incidents which occurred during the time period from July of 2014 until April of 2016. The claims of the Amended Complaint are not stated in separate counts; rather the Amended Complaint is comprised of twenty-nine (29) numbered paragraphs. For the most part, each paragraph is limited to a single set of circumstances.

Presently pending is the Medical Defendants' motion to dismiss contending that the claims in the Amended Complaint against them should be dismissed for failure to state a claim. Plaintiff has not responded in opposition. The Court will analyze the Amended Complaint, which is the operative complaint, on the merits, notwithstanding that Plaintiff did not file a response to the pending motion. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

For purposes of resolving the pending motion, the following facts are as alleged in the amended complaint, viewed in the light most favorable to Plaintiff, and liberally construed.

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

    B.    <u>Discussion</u>

The Amended Complaint alleges that pursuant to 42 U.S.C. § 1983 each of the Medical Defendants was deliberately indifferent to Plaintiff's serious medical needs. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide prisoners with adequate medical care. *Estelle v. Gamble,* 429 U.S. 97 (1976). To set forth a cognizable claim in this context, a prisoner must allege facts demonstrating: (1) a "serious medical need" and (2) actions or omissions by a prison official that indicate a "deliberate indifference" to that need. *Id*. at 104.

The allegations against the Medical Defendants (both collectively and individually) are found in five (5) paragraphs of the Amended Complaint. Those five paragraphs will be discussed seriatim.

    1.    <u>Paragraph 3</u> - The allegations of Paragraph 3 of the Amended Complaint set forth conclusory, speculative allegations, with no definite period of time stated. Specifically, the Amended Complaint states that Dr. Jin refused Plaintiff's request for a protection from "abuse / stay away" order against Nurse Watson to prevent her from interacting with Plaintiff. As with his original complaint, and despite the Court's admonition that his claims needed to identify the dates on which the conduct at issue occurred, Plaintiff has again failed to do so.[1] Accordingly, it is recommended that the claims against Dr. Jin contained in Paragraph 3 be dismissed; and that because Plaintiff was informed that his original complaint was deficient, and was given an

---

[1] The Court notes that while a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed," *Erickson v. Pardus,* 551 U.S. 89 (2007), nothing in the lenience accorded a pro se filing excuses a plaintiff from complying with the threshold requirements of the Federal Rules of Civil Procedure.

opportunity to amend, it is further recommended that Plaintiff not be provided with further leave to amend. *Shelly v. Patrick,* 481 F. App'x 34, 36 (3d Cir. 2012).

    2.    <u>Paragraph 4</u> - Plaintiff alleges that although he began to complain of chronic stomach pain in July 2014, he was not transferred to Allegheny General Hospital for treatment until September of 2014.  Courts distinguish between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cty., Pa.*, 599 F.2d 573, 575 (3d Cir. 1979) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Although "deliberate indifference" may be shown by intentionally denying or delaying medical care for non-medical reasons, it generally cannot be found once an inmate has already been offered some level of medical care.  Where the prisoner has already received or is in the process of receiving medical attention, disputes over the adequacy of that treatment rarely rise to the level of constitutional violations. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (holding that "allegations of medical malpractice" or "mere disagreement as to the proper medical treatment" are not sufficient to establish a constitutional violation).

Absent from the allegations of the Amended Complaint are any facts that would allow this Court to infer that the Medical Defendants acted with either reckless disregard or deliberate indifference to Plaintiff's claim of chronic stomach pain.  It appears that Plaintiff was receiving treatment, but the treatment may not have been that which he requested and/or may not have occurred as quickly as he had hoped.  This type of claim does rise to the level of deliberate

4

indifference.  Accordingly, it is recommended that Plaintiff's claims in Paragraph 4 against the Medical Defendants be dismissed without further leave to amend.

        3.        <u>Paragraph 9</u> - In Paragraph 9 of the Amended Complaint, Plaintiff alleges that Dr. Jin refused to order the use of alternative restraints when Plaintiff was being transported to the hospital in September of 2014.  Dr. Jin, as a medical provider, is not in a position to usurp daily procedure or security measures.  Those decisions are made by prison administrators and not medical personnel.  It is, therefore, recommended that the claims against Dr. Jin in Paragraph 9 be dismissed.  Moreover, the Court notes that Plaintiff's claims arising from the DOC Defendants' alleged refusal to use alternative restraints have been dismissed without prejudice as such claims are duplicative of the claims raised by Plaintiff in *Houser v. PA Department of Corrections*, No. 13-1068 ("*Houser II*").  It is, therefore, recommended that the claims in Paragraph 9 against Dr. Jin be dismissed without further leave to amend.

        4.        <u>Paragraph 22</u> - In Paragraph 22 of the Amended Complaint, Plaintiff alleges that Defendants Clites, Mwaura, and Hice refused to provide Plaintiff with several types of orthopedic braces and refused to "provide operations for carpal tunnel and remove cyst from left wrist. . . and still refuse to provide imaging testing and treatment. . . ."  Disagreements between a prisoner and prison medical personnel about the kind of treatment received generally are not held to violate the Eighth Amendment.  Such complaints fail as constitutional claims under Section 1983 since the exercise by a doctor of his or her professional judgment is never deliberate indifference.  *See Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

As with the claims alleged in Paragraph 4 of the Amended Complaint, it is clear that Plaintiff has received medical attention and treatment for his various medical needs. There is nothing in the Amended Complaint from which the Court could glean that the Medical Defendants failed to exercise professional judgment. Under these facts, a disagreement as to the adequacy of treatment provided is, at best, a claim of medical malpractice and does not satisfy the pleading standard required for an Eighth Amendment claim. Accordingly, it is recommended that the claims of Paragraph 22 against the Medical Defendants be dismissed without further leave to amend.

5. <u>Paragraph 24</u> - Paragraph 24 of the Amended Complaint relates to Plaintiff's allegations that he has been provided products that are known to cause cancer. Specifically, in Paragraph 24, Plaintiff alleges that Dr. Jin "knew or should have known that such products were being distributed to Plaintiff and patients" and that such products are known to cause cancer. Plaintiff does not allege that that he has developed cancer, nor does he provide any specificity with respect to Dr. Jin's involvement with said products, or even that Dr. Jin had knowledge of what products Plaintiff was using.

It has previously been explained to Plaintiff that fear of contracting cancer is not a valid cause of action in Pennsylvania. Thus, Plaintiff's fear of cancer claim against Dr. Jin should be dismissed without further leave to amend.

## III. CONCLUSION

For all the above reasons, it is respectfully recommended that the motion to dismiss filed by the Medical Defendants be granted and Defendants Jin, Park, Mwaura, Clites, and Hice be dismissed with prejudice.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **November 13, 2017,** and Defendants, because they are electronically registered parties, may file objections by **November 7, 2017.**  The parties are cautioned that failure to file Objections within this time frame "will waive the right to appeal."  *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated:  October 24, 2017

                                                       s/ Cynthia Reed Eddy
                                                       Cynthia Reed Eddy
                                                       United States Magistrate Judge

cc:       DARIEN HOUSER
            GL-7509
            SCI Greene
            175 Progress Drive
            Waynesburg, PA 15370
            (via U.S. First Class Mail)

            All Counsel of Record
            (via ECF electronic notification)